UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the LOCAL 1034 PENSION TRUST      :
FUND,                                          :
                                               :
                              Plaintiffs,      :    No.: _____
                                               :
              - against -                      :
                                               :
GRAND BASKET COMPANY, INC.; GB MFG LLC;        :
XYZ CORPORATIONS 1-10; and JOHN AND JANE       :
DOES 1-10,                                     :
                                               :
                              Defendants.      :
                                               :
------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Grand Basket Company, Inc. ("Grand Basket"), GB MFG LLC ("GB"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

**I.   INTRODUCTION**

1.   This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Grand Basket's obligation to contribute to the Fund as of July 31, 2012.

2.   Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Grand Basket's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Grand Basket, GB, and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10 reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Grand Basket is a for-profit domestic corporation having its principal place of business at 53-06 Grand Avenue, Maspeth, New York 11378.

9. Defendant GB is a for-profit foreign limited liability company organized under the laws of the State of Delaware having its principal place of business at 53-06 Grand Avenue, Maspeth, New York 11378.

10. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or

businesses under common control with Grand Basket within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

11. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Grand Basket within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Grand Basket to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

12. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

13. Grand Basket was party to a collective bargaining agreement (the "CBA") with the International Brotherhood of Teamsters, Local Union No. 813 (the "Union"), with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, Grand Basket was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

14. By letter dated July 31, 2012, the Union informed Grand Basket that, effective immediately, it disclaimed any interest in representing Grand Basket's employees, thereby effecting a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

15. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated September 11, 2012, a true and correct copy of which is attached as **Exhibit A**, the Fund notified Grand Basket that its allocated share of the unfunded vested liabilities of the Fund was $157,076, which amount was payable in 240 monthly installments of $788.19 commencing on or before November 11, 2012.

16.     Grand Basket remitted installments to the Fund totaling $47,291.40 through September 2017.

17.     After having not received Grand Basket's installment payment for October 2017, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by certified letter dated October 30, 2017, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Grand Basket that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within ten (10) days.  The letter also notified Grand Basket that if it failed to timely cure the default, the Fund would elect to accelerate Grand Basket's withdrawal liability and to assess interest on the total outstanding liability.

18.     More than ten (10) days have elapsed since Grand Basket's receipt of the notice of default, and it has failed to remit the withdrawal liability assessed by the Fund or to initiate arbitration pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

19.     Because Grand Basket has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability, less any amounts paid.

20.     Plaintiffs demand judgment against Grand Basket for $109,784.60 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Successor Liability Owed by GB
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

21.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

22.     On or around June 5, 2017, GB was incorporated under the laws of the State of Delaware.

23. On or about August 8, 2017, GB registered with the New York State Department of State as a foreign limited liability company.

24. At or around this time, GB purchased substantially all of the assets of Grand Basket, and since that time, has substantially continued Grand Basket's business.

25. Upon information and belief, GB operates from the same premises and utilizes the same employees, equipment, and production processes as Grand Basket.

26. As such, GB is a successor in interest to Grand Basket and is therefore jointly and severally liable with Grand Basket for any outstanding withdrawal liability.

27. Plaintiffs demand judgment against GB for $109,784.60 for Grand Basket's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

28. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

29. As of July 31, 2012, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Grand Basket within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

30. As such, XYZ Corporations 1-10 are jointly and severally liable with Grand Basket for the withdrawal liability resulting from Grand Basket's complete withdrawal from the Fund.

31. Plaintiffs demand judgment against XYZ Corporations 1-10 for $109,784.60 for Grand Basket's allocated share of the unfunded vested liabilities of the Fund, as well as

liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

32. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

33. As of July 31, 2012, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Grand Basket within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

34. As such, John and Jane Does 1-10 are jointly and severally liable with Grand Basket for the withdrawal liability resulting from Grand Basket's complete withdrawal from the Fund.

35. Plaintiffs demand judgment against John and Jane Does 1-10 for $109,784.60 for Grand Basket's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

Dated: January 25, 2018
Newark, New Jersey

**PROSKAUER ROSE LLP**

By: ___*/s/ Neil V. Shah*___
Neil V. Shah
One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

*Counsel for the Plaintiffs*